IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADAM BLASKOWSKI, | CV 16-00037-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CENTRACARE CLINIC HOSPITAL, | |
| Defendant. | |

Adam Blaskovski, a citizen of Minnesota, has filed a Motion to Proceed in Forma Pauperis (*ECF 1*) and submitted a largely incomprehensible Complaint (*ECF 2*) naming CentraCare Clinic Hospital in St. Cloud, Minnesota, as the sole defendant. There are no allegations that any event forming the alleged basis of this action occurred in Montana. It is recommended that this matter be dismissed without prejudice based upon improper venue.

Federal law provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise

1

to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court may, sua sponte, raise the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Blaskowski alleges he has been poisoned by the hospital for the last 39 years. *ECF 2–Complaint at 6*. But the hospital is located in Minnesota and there is no allegation that any event forming the alleged basis of the action occurred in Montana. Blaskowski has stated no basis for venue in Montana.

Moreover, the Court finds that Blaskowski's Complaint fails to

rise to the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and fails to state a claim upon which relief may be granted in this court.

This is Blaskowski's second Complaint filed in this Court without any basis for venue in Montana. Given Blaskowski's history of frivolous filings in this and other courts, the Court finds that it would not be in the interest of justice to transfer this matter and that it should be dismissed without prejudice. *See Costlow*, 790 F.2d at 1488 (permitting a district court to dismiss an action sua sponte for improper venue).

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Blaskowski's Motion to Proceed in Forma Pauperis (*ECF 1*) should be denied and this matter should be dismissed without prejudice for improper venue.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Blaskowski may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of April, 2016.

/s/ Carolyn S. Ostby  
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.